**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ARCH SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.                         Case No.: 6:18-cv-1149-Orl-WWB-DCI

BP INVESTMENT PARTNERS, LLC,
D/B/A THE M HOTEL; and MICAH
DAVID BASS, INDIVIDUALLY,

        Defendants.

_____/

## DEFENDANT BP INVESTMENT PARTNERS, LLC'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

      Defendant, BP INVESTMENT PARTNERS, LLC D/B/A THE M HOTEL (hereinafter

"BPI"), pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) and M.D. Fla. Local Rule 3.04(a), hereby

moves this Court for an Order (i) overruling Plaintiff's objections to Defendant's First

Request for Production and simultaneously compelling the production of all responsive

non-privileged documents, and (ii) requiring Plaintiff to produce its privilege log as to any

documents claimed to be privileged and withheld from production, and in support thereof

states:

### I.   Introduction

      1.    Defendant, BPI, served its First Request for Production to Plaintiff, ARCH

SPECIALTY INSURANCE COMPANY ("Arch") on May 28, 2019.  A copy of BPI's First

Request for Production to Arch is attached hereto as Exhibit "1".

2.      Arch served its Response to Defendant's First Request for Production on July 8, 2019 (attached hereto as Exhibit "2").

3.      Although Arch has served its Response, it has made numerous objections in its responses that are legally insufficient and/or improperly made under the Federal Rules of Civil Procedure.

4.      Pursuant to Local Rule 3.04(a), the following is a quotation in full of each request for production to which this Motion is addressed; each of which is followed immediately by quotation in full of the objection and grounds therefore as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted:

## II.   Requests for Production and Responses Thereto

**Request No. 20:** "Any and all inspection reports prepared between January 1, 2011 and September 10, 2017, by any party, concerning the status or condition of the PROPERTY."

**Response:** "This request is irrelevant and not proportional to the needs of this case because Arch's underwriting file is protected from disclosure in this coverage dispute. *See, e.g.*, *Bodo v. GeoVera Spec. Ins. Co.*, 2018 WL 6019200, at *2 (M.D. Fla. Nov. 16, 2018); *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2nd DCA 2008)."

Arch's objection that the request (No. 20) for inspection reports contained in Arch's underwriting file is somehow rendered irrelevant and not proportional to the needs of this case because Arch's underwriting file is purportedly protected from disclosure is, without more, a woefully lacking and inadequate explanation as to *why* the information sought is irrelevant and not proportional to the needs of this particular case. *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1-2 (M.D. Fla. Dec. 15,

2008) (an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why."). Underwriting is the process by which an insurance company evaluates the risks of insuring property and decides how much premium it should charge to insure the property, or whether even to accept the risk and insure the property. An insurer's underwriting file is discoverable in a first-party breach of insurance contract case provided that the insured who requests the underwriting files establishes how it is relevant. *Bodo v. Geovera Specialty Ins. Co.*, Case No. 8:18-cv-678-T-30AAS *5 (M.D. Fla. Nov. 16, 2018) (finding that "the party requesting an underwriting file in a breach of contract case must establish how the file is relevant").[1] *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *5 (M.D. Fla. May 20, 2016), citing *Milinazzo v. State Farm Ins.*, Co., F.R.D. 691 *5 (S.D. Fla. Dec. 11, 2007) (stating that in order to discovery into an underwriting file, in a breach of contract action, the movant must either allege an underwriting issue or "make a prima fascia showing that material provisions of the policy are ambiguous").

The *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2nd DCA 2008) case is wholly inapplicable. In that case, State Farm sought certiorari relief regarding two trial court orders entered in a statutory bad faith action. The insured chose not to bring a breach of contract action against State Farm but instead only sued State Farm for statutory bad faith under Florida Statutes 624.155. This matter is the complete

---

[1] Pending before this Court is BPI's Motion for Leave to File Counterclaims (Doc. 63) against Arch for breach of contract for failure to pay under the insurance policy (Count 1) and for breach of the appraisal clause of the contract (Count 2). The filing of a Motion for Leave was necessary because of the delay by the Court in addressing the Motion to Dismiss beyond the pleadings' amendment deadline set forth in the case management order.

opposite.  BPI has sought leave to file counterclaims against Arch for breach of contract only.  BPI has not attempted to assert a premature claim for bad faith against Arch. Notwithstanding, "[i]t goes without saying, of course, that the fact that . . . documents may contain relevant information with respect to [a] bad faith claim does not foreclose their discoverability if they are also relevant to the breach of contract claim." *Milinazzo v. State Farm Ins.*, Co., F.R.D. 691 *5 (S.D. Fla. Dec. 11, 2007).

BPI's request is reasonably particularized, limited in time and scope, and connected to the issues in this litigation.  For instance, BPI's request is narrowly tailored and self-limiting to inspection reports prepared by any party between a six (6) year period (January 1, 2011 through September 10, 2017) preceding the date of loss of September 10, 2017 and "concerning the status or condition of the PROPERTY."[2]  The instant case is unlike *Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *4 (M.D. Fla. Apr. 23, 2014), where the Magistrate Judge was correct to deny requests for documents "regarding other policyholders' claims under different policies" which were "outside of the specific policy or claim at issue".

"Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses."  *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016), quoting *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). The requested portion of the underwriting file (inspection reports) pertaining to the Policy

---

[2] The term "Property" is defined in the First Request for Production (p. 4) to mean and refer to "the hotel facility located at 6603 International Drive, Orlando, Florida 32819, inclusive of all buildings, structures, amenities and personal property located at such address."

at issue in this action is directly relevant to rebut Arch's purported defense to not making any additional payments on BPI's Hurricane Irma claim.[3]   Arch has made the pre-hurricane Irma condition of the hotel an issue in this litigation.  Specifically, Arch raised numerous unfounded and unsubstantiated allegations in its Complaint that "**long prior to the arrival of Hurricane Irma**, the M Hotel was in subpar condition, and had a myriad of **serious pre-hurricane problems and failures** that owed exclusively to (a) wear and tear; (b) little or no maintenance or repairs by Defendants; (c) improper management by Defendants; and (d) inadequate capital investment by Defendants." (Complaint, paragraph 26) (emphasis supplied).  See also the allegations in paragraph 1 referring to "**the prior and long-running** neglect and mismanagement of the insured property, and (c) the ordinary wear and tear of the premises", the allegations of "**Pre-Existing Roof/Leakage Problems**" in paragraphs 23-24, and the allegations of "**pre-existing Property conditions** that relate to wear and tear or other systemic neglect, and/or non-covered Causes of Loss" (emphasis supplied).  Arch has gone so far as to allege that the scope and extent of the pre-existing Property conditions spans decades.  See Plaintiff's Response in Opposition to Defendant's "Exception" to the Report and Recommendation (Doc. 82) at p. 2 ("Before Hurricane Irma passed near Central Florida in September 2017, the Property had long been in poor condition, and was essentially worn-out **through decades** of wear-and-tear, neglect and minimal reinvestment.").

Because Arch alleges that BPI's claimed damages resulted from such things as wear and tear, deterioration, and lack of maintenance, any evidence contained in

---

[3] Arch made two voluntary payments ($138,395.35 and $250,000) before serving the instant complaint on BPI that seeks a determination by the court that Arch should be relieved of making further payments under the policy.

5

underwriting inspection reports showing that the insurer's underwriting department took a contrary or inconsistent position as to the condition of the property or the need for the insured to perform any recommended repairs, replacement, or maintenance would be relevant information for this Court and a jury to consider.  For instance, information in underwriting inspection reports will likely contain notes, descriptions, and photographs of the subject property and recommendations regarding any necessary repairs, replacement, or maintenance which will likely prove the insurer's **_knowledge regarding the pre-loss condition of the subject property prior to Hurricane Irma_**, and whether any of the insurer's personnel who made the claims decision before the denial was made reviewed any underwriting documentation or information.  Therefore, because information contained in the requested portion of the underwriting file (inspection reports) bears directly on the parties claims and defenses and is therefore proportional to the needs of this case, Arch's objections to producing the inspection reports should be overruled and the requested inspection reports be compelled.

**Request No. 22:** "Any and all video reproductions of the PROPERTY taken by ARCH between January 1, 2011 and September 10, 2017."

**Response:** "This request is irrelevant and not proportional to the needs of this case because Arch's underwriting file is protected from disclosure in this coverage dispute. *See*, *e.g.*, *Bodo v. GeoVera Spec. Ins. Co.*, 2018 WL 6019200, at *2 (M.D. Fla. Nov. 16, 2018); *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2nd DCA 2008)."

Similarly, Arch's objection that the request (No. 22) for video reproductions contained in Arch's underwriting file is somehow rendered irrelevant and not proportional to the needs of this case because Arch's underwriting file is purportedly protected from disclosure is woefully deficient for the reasons stated under Request No. 21 above.  Like

BPI's request for inspection reports, BPI's request for video reproductions of the property taken by Arch during the six-year period prior to the arrival of Hurricane Irma is reasonably particularized, limited in time and scope, and connected to the issues in this litigation for the reasons stated under Request No. 21.  Therefore, because information contained in the portion of the underwriting file (video reproductions) requested by Request No. 22 is directly relevant to the parties claims and defenses and proportional to the needs of this case, Arch's objections to producing the video reproductions should be overruled and the requested video reproductions be compelled.

**Request No. 26:** "Any and all inter-office memoranda or other form of written communications of any employee of ARCH relating to the continued processing of the insurance claim made prior to the filing of the lawsuit."

**Response:** "Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is also irrelevant and not proportional to the needs of this case because Arch's claim file is protected from disclosure in this coverage dispute. *See, e.g., Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014). The request is also vague and ambiguous, as it is unclear what BPI means by the "processing" of an insurance claim, or how such a request is not an improper attempt to conduct premature discovery."

Arch's objection that this request (No. 26) is somehow rendered irrelevant and not proportional to the needs of this case because Arch's claim file is purportedly protected from disclosure is a woefully lacking and inadequate explanation as to *why* the information sought is irrelevant and not proportional to the needs of this particular case.  *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1-2 (M.D. Fla. Dec. 15, 2008).  "[F]ederal courts in Florida generally have found that no work product protection attaches to an insurer's claim file (even if an employee handling the claim is an attorney, or if the insurer hired outside or monitoring counsel to assist with the claim

processing) because the claim file is a business record, prepared in the ordinary course of the insurer's business, **until the date on which coverage is denied**." *Maplewood Partners, L.P. v. Indian Harbor Insurance Company,* Case No.08-23343-CIV-HOEVELER *178 (S.D. Fla. July 16, 2013) (emphasis added), citing *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 698 (S.D. Fla. 2008) (where an insurer had not yet denied a claim, there was an open question as to which documents in the insurer's claim file were prepared in anticipation of litigation, and which were not); *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group*, 2004 U.S. Dist. LEXIS 22487 (M.D. Fla. Sept. 10, 2004) (responsive documents in insurer's claim file created prior to final decision on coverage are not protected work-product, even if prepared by counsel).  As has been observed, "[m]any courts have noted the difficulty in determining whether documents prepared by an insurance company or its representatives are entitled to work product protection because it is an insurer's business to investigate and adjust claims." [4]  *Essex Builders Group. Inc. v. Amerisure Ins. Co.*, 2006 U.S. Dist. LEXIS 40932 (M.D. Fla. June 20, 2006) (adopting rebuttable presumption that documents prepared before a final coverage decision are not work product, and documents produced after such decision are work product).[5]  Recently, the Third District Court said it well in *Homeowners Choice Property*

---

[4] "Regrettably, in the insurance context the boundary between [documents subject to disclosure and documents not subject to disclosure] is not always clear because an insurance company investigates claims in the ordinary course of its business." *1550 Brickell*, at 698.

[5] In *Nationwide Mutual Fire Ins. Co. v. Kelt, Inc.*, Case No. 6:14-cv-749-Orl-41TBS *15 (M.D. Fla. Mar. 30, 2015), the Middle District found that "[d]ocuments in an insurer's claim file that post-date the insurer's final decision to deny coverage are not automatically afforded protection as attorney work product. At most, there is a 'rebuttable presumption' that the documents are privileged." *Kelt*, at 15, citing *Essex Builders*, at 2. "The mere fact that a document in an insurer's claims file was created after the insurer denied coverage is not by itself sufficient to 'permit a reasonable evaluation of whether these documents are legitimately being withheld from production.'" *Kelt*, at 15, quoting *Mosley v. American Home Assurance Co.*, No. 13-20259-CIV, 2013 WL 6190746, at *3 (S.D. Fla. Nov. 26, 2013).

*and Casualty Insurance Company v. Avila*, 248 So. 3d 180, 184 (Fla. 3d DCA Apr. 25, 2018): "We do observe, however, that counsel for both parties in this case referred to a claims file privilege during the hearing on Homeowners Choice's motion for protective order. There is no such privilege by that designation in the cited cases or Florida Rules of Procedure or Evidence Code." *Id.* at 247.

Arch's reliance on *Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014) for the proposition that Arch's claim file is protected from disclosure is misplaced. In *Marlin VI Princess,* the Middle District found the Plaintiffs through requests five and six[6] (which do not bear resemblance to any of BP's document requests) were "in essence. . . attempting to acquire documents showing Defendant's *bad faith* in denying their claim". The Middle District held that "[u]nder Florida law, discovery into an insurer's *claims handling practices*, *policies*, and *protocols* is impermissible in a breach of contract action." But there is not a single reference to the insurer's *claim file* being protected from disclosure in the Magistrate Judge's opinion. BPI's request (No. 26) is not an attempt to conduct premature bad faith discovery into Arch's claims handling practices, policies, and protocols. *See, e.g.*, *Milinazzo v. State Farm Ins.*, Co., F.R.D. 691 *5 (S.D. Fla. Dec. 11, 2007) (finding "that documents related to the 'investigation, *processing*, analysis' and ultimate denial of

---

[6] The Plaintiffs in *Marlin VI Princess* sought through request number five: "Any and all documents, prepared in the last ten years, interpreting or confirming coverage under an insurance policy that includes all or part of any version of a Taylor 1953 Form, of an insured vessel for damages resulting from storm debris.

Through request number six, the Plaintiffs sought: "Any and all non-attorney-client privileged documents, prepared in the last 10 years, relating to any litigation or arbitration in which Northern was a party, which involved a claim for coverage under an insurance policy that included all or part of any version of a Taylor 1953 Form, of an insured vessel for damages resulting from storm debris, at any time and in any state or jurisdiction."

Plaintiff's claim are relevant to the extent they relate to Plaintiff's breach of contract claim").  In *Milinazzo*, the Southern District did not find the reference to "processing" the Plaintiff's insurance claim to be vague and ambiguous, nor should this Court accept Arch's half-hearted argument that BP's request for "inter-office memoranda or other form of written communications of any employee of ARCH relating to the continued *processing of the insurance claim*" is vague and ambiguous.  It is an insurer's business to investigate, process, and/or adjust claims.  Moreover, the Southern District noted in *Milinazzo* that "[i]t goes without saying, of course, that the fact that . . . documents may contain relevant information with respect to [a] bad faith claim does not foreclose their discoverability if they are also relevant to the breach of contract claim."

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch did not provide a privilege log with its responses.  "The party asserting a privilege has the burden of establishing its **application to each document**."  *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019) (emphasis added), citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that  the particular communications were confidential," citing *In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir.1983).  "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that,

without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).  A party's "**blanket assertion** of attorney-client privilege and the work product doctrine is, alone, not enough to shield information from discovery." *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019) (emphasis added).  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must **provide a detailed log**, or the Court must deem the privileges waived.  *Id.*

**Request No. 27:** "Any and all underwriting files pertaining to the subject risk and subject policies of insurance to the present time, including but not limited to all papers, documents and investigative reports directly pertaining to the aforementioned insurance policy of the subject risk and all written communications or Statements made between ARCH and other parties which directly pertain to the subject policy of insurance to BP."

**Response:** "Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is irrelevant and not proportional to the needs of this case because Arch's underwriting file is protected from disclosure in this coverage dispute. See, e.g., *Bodo v. GeoVera Spec. Ins. Co.*, 2018 WL 6019200, at *2 (M.D. Fla. Nov. 16, 2018); *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2nd DCA 2008). The request is also not relevant and proportional to the needs of this case because it contains no limitation on the underwriting files requested except those 'pertaining to' the unspecified 'subject risk' and 'subject policies.'"

Underwriting is the process by which an insurance company evaluates the risks of insuring property and decides how much premium it should charge to insure the property, or whether even to accept the risk and insure the property.  Through this request (No. 27), BPI seeks all documents contained in the underwriting file pertaining to the subject risk of insuring a forty-five (45) year hotel located in Central Florida which is the subject of this litigation, to the extent said documents are not already being produced in response to Request Nos. 21 and 22 seeking portions of the underwriting file (inspection reports

and video reproductions, respectively).[7]  Arch's objection that this request is somehow rendered irrelevant and not proportional to the needs of this case because Arch's underwriting file is purportedly protected from disclosure is a woefully lacking and inadequate explanation as to *why* the information sought is irrelevant and not proportional to the needs of this particular case.  *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1-2 (M.D. Fla. Dec. 15, 2008).  An insurer's underwriting file is discoverable in a first-party breach of insurance contract case provided that the insured who requests the underwriting files establishes how it is relevant.  *Bodo v. Geovera Specialty Ins. Co.*, Case No. 8:18-cv-678-T-30AAS *5 (M.D. Fla. Nov. 16, 2018) (finding that "the party requesting an underwriting file in a breach of contract case must establish how the file is relevant").  *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *5 (M.D. Fla. May 20, 2016), citing *Milinazzo v. State Farm Ins.*, Co., F.R.D. 691 *5 (S.D. Fla. Dec. 11, 2007) (stating that in order to discovery into an underwriting file, in a breach of contract action, the movant must either allege an underwriting issue or "make a prima fascia showing that material provisions of the policy are ambiguous").

Because Arch alleges in its Complaint that BPI's claimed damages resulted from such things as wear and tear, deterioration, and lack of maintenance, any evidence contained in the underwriting file showing that the insurer's underwriting department took

---

[7] For the sake of clarity, BPI states Request No. 27 is limited to documents contained in the underwriting file that were generated on or before the filing and service of this lawsuit on 7/18/2018 by Arch at the second voluntary pre-suit mediation. The date "coverage has been denied by the insurer has been recognized by a number of courts as the proper date after which it is fairly certain there is an anticipation of litigation and thus documents generated after that date would be protected as work product." *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group*, 2004 WL 5215191, at *3 (M.D. Fla. Sept. 10, 2004).  However, in this case, denial of coverage did not exist until suit was filed and served by Arch on 7/18/2018.

a contrary or inconsistent position as to the condition of the property or the need for the insured to perform any recommended repairs, replacement, or maintenance would be relevant information for this Court and a jury to consider.  Therefore, because information contained in the requested underwriting file bears directly on the parties claims and defenses and is therefore proportional to the needs of this case, Arch's objections to producing the inspection reports should be overruled and the requested underwriting file be compelled.

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch did not provide a privilege log with its responses.  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must provide a detailed log, **or the Court must deem the privileges waived**.  *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019).

**Request No. 30:** "All diagrams, models, drawings, sketches, blueprints or any other reproduction of the PROPERTY made before or after the loss, which is the subject of this lawsuit."

**Response:** Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is also irrelevant and not proportional to the needs of this case because Arch's claim file and underwriting file are protected from disclosure in this coverage dispute. *See, e.g., Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014); *Bodo v. GeoVera Spec. Ins. Co.*, 2018 WL 6019200, at *2 (M.D. Fla. Nov. 16, 2018); *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2nd DCA 2008).

Through this request (No. 30), BPI seeks "[a]ll diagrams, models, drawings, sketches, blueprints or any other reproduction of the PROPERTY" contained in the underwriting file and/or claim file which were made before or after the date of loss of

September 10, 2017.[8]  Arch's objection that the request for these documents contained in Arch's underwriting file and claim file is somehow rendered irrelevant and not proportional to the needs of this case because Arch's underwriting file and claim file are purportedly protected from disclosure is woefully deficient for the reasons stated under Request No. 21 above, which will not be restated for the sake of brevity.  With respect to the discoverability of the underwriting file, see *Bodo v. Geovera Specialty Ins. Co.*, Case No. 8:18-cv-678-T-30AAS *5 (M.D. Fla. Nov. 16, 2018); *Koster v. Landmark Am. Ins. Co.*, 2016 WL 3014605, at *5 (M.D. Fla. May 20, 2016), citing *Milinazzo v. State Farm Ins.*, Co., F.R.D. 691 *5 (S.D. Fla. Dec. 11, 2007) (stating that in order to discovery into an underwriting file, in a breach of contract action, the movant must either allege an underwriting issue or "make a prima fascia showing that material provisions of the policy are ambiguous").

With respect to the discoverability of the claim file, see *Maplewood Partners, L.P. v. Indian Harbor Insurance Company,* Case No.08-23343-CIV-HOEVELER *178 (S.D. Fla. July 16, 2013) ("[F]ederal courts in Florida generally have found that **no work product protection attaches** to an insurer's claim file (even if an employee handling the claim is an attorney, or if the insurer hired outside or monitoring counsel to assist with the claim processing) because the claim file is a business record, prepared in the ordinary course of the insurer's business, until the date on which coverage is denied") (emphasis added); *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 698 (S.D. Fla. 2008)

---

[8] For the sake of clarity, BPI states Request No. 27 is limited to documents contained in the underwriting file that were generated on or before the filing and service of this lawsuit on 7/18/2018 by Arch at the second voluntary pre-suit mediation. By its terms, this request is self-limiting to documents "made before or after the loss" of 9/10/2017, which necessarily predates the filing and service of the lawsuit on 7/18/2018.

(where an insurer had not yet denied a claim, there was an open question as to which documents in the insurer's claim file were prepared in anticipation of litigation, and which were not); *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group*, 2004 U.S. Dist. LEXIS 22487 (M.D. Fla. Sept. 10, 2004) (responsive documents in insurer's claim file created prior to final decision on coverage are not protected work-product, even if prepared by counsel); *Essex Builders Group. Inc. v. Amerisure Ins. Co.*, 2006 U.S. Dist. LEXIS 40932 (M.D. Fla. June 20, 2006) (adopting rebuttable presumption that documents prepared before a final coverage decision are not work product, and documents produced after such decision are work product). *See also Homeowners Choice Property and Casualty Insurance Company v. Avila*, 248 So. 3d 180, 184 (Fla. 3d DCA Apr. 25, 2018) (finding there is no such "claims file" privilege in the Florida Rules of Civil Procedure or Evidence Code).

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch again did not provide a privilege log with its responses.  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must provide a detailed log, or the Court must deem the privileges waived.  *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019).

**Request No. 33:** "The complete claims file pertaining to the claims of BP from the date of loss to the time of the filing of the lawsuit. If any portion of the claims file is withheld under a claim of privilege, produce a detailed privilege log containing sufficient information to identify each document or item withheld and the privilege claimed with respect to each document or item withheld."

**Response:** "Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is also irrelevant and not proportional to the needs of this case because Arch's claim file is protected from disclosure in this coverage dispute. *See, e.g., Marlin VI Princess Deep Sea Fishing, LLC*

*v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014). If there are any particular portions of Arch's claim file that BPI believes are relevant and discoverable, please narrow this request to those portions."

Through this request (No. 33), BPI seeks all documents contained in the claims file pertaining to the claims of BP from the date of loss of 9/10/2017 to the filing of the lawsuit on 7/18/2018.  Arch's objection that this request is somehow rendered irrelevant and not proportional to the needs of this case because Arch's claim file is purportedly protected from disclosure is a woefully lacking and inadequate explanation as to *why* the information sought is irrelevant and not proportional to the needs of this particular case. *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1-2 (M.D. Fla. Dec. 15, 2008).  "[F]ederal courts in Florida generally have found that no work product protection attaches to an insurer's claim file (even if an employee handling the claim is an attorney, or if the insurer hired outside or monitoring counsel to assist with the claim processing) because the claim file is a business record, prepared in the ordinary course of the insurer's business, until the date on which coverage is denied". *Maplewood Partners, L.P. v. Indian Harbor Insurance Company,* Case No.08-23343-CIV-HOEVELER *178 (S.D. Fla. July 16, 2013); see also *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 698 (S.D. Fla. 2008); *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group*, 2004 U.S. Dist. LEXIS 22487 (M.D. Fla. Sept. 10, 2004); *Essex Builders Group. Inc. v. Amerisure Ins. Co.*, 2006 U.S. Dist. LEXIS 40932 (M.D. Fla. June 20, 2006; *Homeowners Choice Property and Casualty Insurance Company v. Avila*, 248 So. 3d 180, 184 (Fla. 3d DCA Apr. 25, 2018) (finding there is no such "claims file" privilege in the Florida Rules of Civil Procedure or Evidence Code).

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch again did not provide a privilege log with its responses.  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must provide a detailed log, or the Court must deem the privileges waived. *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019).

**Request No. 34:** "Any and all inter-office memoranda or other forms of written communication of any employee of ARCH relating to the initial processing of BP's insurance claim when ARCH first received said claim."

**Response:** "Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is also irrelevant and not proportional to the needs of this case because Arch's claim file is protected from disclosure in this coverage dispute. *See, e.g., Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014). The request is also vague and ambiguous, as it is unclear what BPI means by the "processing" of an insurance claim, how such a request is not an improper attempt to conduct premature discovery, or how the documents sought in this request are different from the documents sought in Request No. 26."

Arch's objection to this request (No. 34) is deficient for the reasons stated under Request No. 26 above, which will not be restated for the sake of brevity since the request and response are substantially similar.  Therefore, Arch's objections are improper and should be overruled and the requested documents be compelled.

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch once again did not provide a privilege log with its responses.  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must provide a detailed log, or the Court must deem the privileges waived. *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019).

**Request No. 35:** "Any and all written communications between ARCH and any third party concerning the processing of BP's insurance claim."

**Response:** "Arch objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. This request is also irrelevant and not proportional to the needs of this case because Arch's claim file is protected from disclosure in this coverage dispute. *See, e.g., Marlin VI Princess Deep Sea Fishing, LLC v. N. Assur. Co. of Am.*, 2014 WL 1262792, at *2 (M.D. Fla. Apr. 23, 2014). The request is also vague and ambiguous, as it is unclear what BPI means by the "processing" of an insurance claim, or how such a request is not an improper attempt to conduct premature discovery."

Arch's objection to this request (No. 35) is deficient for the reasons stated under Request No. 26 above, which will not be restated for the sake of brevity since the request and response are substantially similar.  Therefore, Arch's objections are improper and should be overruled and the requested documents be compelled.  *Maplewood Partners, L.P. v. Indian Harbor Insurance Company*, Case No.08-23343-CIV-HOEVELER *178 (S.D. Fla. July 16, 2013) ("[F]ederal courts in Florida generally have found that no work product protection attaches to an insurer's claim file (even if an employee handling the claim is an attorney, or if the insurer hired outside or monitoring counsel to assist with the claim processing) because the claim file is a business record, prepared in the ordinary course of the insurer's business, until the date on which coverage is denied").

Arch further objected to this request on the grounds that it invades the attorney-client privilege and the work product doctrine.  But Arch failed to properly provide a detailed privilege log with its responses.  To the extent Arch wishes to claim the attorney-client privilege and work product doctrine, it must provide a detailed log, or the Court must deem the privileges waived. *LLB Convenience & Gas, Inc. v. Southeast Petro Distributors, Inc.*, No: 6:18-cv-914-Orl-40TBS *6 (M.D. Fla. Apr. 12, 2019).

### III.    Conclusion

For all of the foregoing reasons, Defendant, BP INVESTMENT PARTNERS, LLC D/B/A THE M HOTEL, respectfully requests this Court to enter an Order (i) overruling Plaintiff's objections stated in its Response to Defendant's First Request for Production for Defendant's requests 20, 22, 26, 27, 30, 33-35 and simultaneously compelling the production of all responsive non-privileged documents, and (ii) requiring Plaintiff to provide a detailed privilege log as to any documents claimed to be privileged and withheld from production, and for such other and further relief that this Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned counsel for the Defendants has conferred with Plaintiff's counsel I. William Spivey, II by telephone on October 17, 2019 in a good faith effort to resolve the issues raised in this motion. The parties were unable to agree upon the resolution of the issues raised in this motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: I. William Spivey, II, Greenberg Traurig,P.A.,450 South Orange Avenue, Suite 650,Orlando, Florida 32801, spiveyw@gtlaw.com, kellerc@gtlaw.com,  bakerco@gtlaw.com,  nef-ws@gtlaw.com, FLService@gtlaw.com, *Counsel for Plaintiff Arch Specialty Insurance Company*.

AGNANT & LAMBDIN LLC
2 South University Drive, Suite 315
Fort Lauderdale, FL 33324
(*Counsel for Defendants*)

By: _*/s/ Keith J. Lambdin, Esq.*_____
KEITH J. LAMBDIN (FBN: 796999)
ERIK J. WILLMAN (FBN: 106241)
klambdin@agnantlaw.com
ewillman@agnantlaw.com
egarcia@agnantlaw.com
kpiedra@agnantlaw.com